**Reginald Lacroix POOLE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

Nos. 86–8649, 86–8696.

United States Court of Appeals, Eleventh Circuit.

Nov. 19, 1987.

---

[*] Judge Godbold did not participate in this case.

[**] Judge Henderson has elected to participate under General Order No. 5.

James F. Ponsoldt, Athens, Ga., for Poole.

Stephen S. Cowen, U.S. Atty., Richard B. Kuniansky, Julie Carnes, Asst. U.S. Attys., Atlanta, Ga., for U.S.

Before HILL and VANCE, Circuit Judges, and SPELLMAN,* District Judge.

VANCE, Circuit Judge:

Reginald LaCroix Poole appeals the district court's denial of his 28 U.S.C. § 2255 motion for habeas corpus relief.[1] Appellant argues primarily that he was denied effective assistance of counsel at his trial and sentencing, and that an unconstitutional stipulation by defense counsel at trial relieved the government of the burden of proving a necessary element of the offenses charged. We disagree with both contentions and affirm the district court.

Several dates are crucial in this appeal. On November 28, 1984 a jury returned guilty verdicts on four counts of bank robbery and assault. On December 3, appellant filed a motion for substitution of counsel. The district court granted this motion in an order signed and filed in the clerk's office on December 27. On January 15, 1985 the district court sentenced appellant to 20 years imprisonment and ordered him to make restitution to each of the victim banks. Appellant's current counsel was appointed the next day, in an order filed in the clerk's office on January 18.

Although the district court relieved the public defender of the duty to represent appellant on December 27, 1984, the court did not appoint a substitute until January 16, 1985. Appellant thus argues that technically he had no counsel at sentencing on January 15, even though the public defender was present and actively represented appellant at the sentencing proceedings. While the unusual sequence of the proceedings below makes it appear as though appellant was unrepresented at sentencing, a closer look at the record reveals that appellant was adequately represented by counsel at the sentencing stage.

Appellee argues that the motion for substitute counsel filed by appellant on December 3, 1984 was filed for the sole purpose of supporting appellant's effort to challenge on appeal the assistant public defender's conduct at trial, and not for the purpose of obtaining new counsel at sentencing. The record supports this explanation for the proceedings below. Appellant's December 3 motion for substitution of counsel specifically states: "Defendant brings this motion on the grounds that he wishes to raise as grounds for a new trial ineffective assistance of counsel which obviously creates a conflict of interest between this counsel and the defendant." The district court granted this motion on December 27, but was not conscious of such action at the time of sentencing.[2]

---

* Honorable Eugene P. Spellman, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. This is appellant's second appeal to this court. On September 6, 1985 this court affirmed appellant's conviction on direct appeal in an unpublished opinion.

2. This explanation is also consistent with the district court's action of relieving the assistant public defender "of the duty of representing defendent" on December 27, but not appointing new counsel until January 16, the day after sentencing. Because the motion for substitution of counsel was filed for purposes of trying to obtain a new trial on appeal, there was no need to appoint new counsel until after sentenc-

All parties believed at the time of the sentencing hearing that the assistant public defender was still appellant's counsel. She acted like his counsel, and the district court treated her like his counsel.[3] At the very end of the hearing, after the court informed appellant that his attorney could help him file an appeal,[4] the assistant public defender stated: "Your honor, I have a motion to withdraw as counsel pending." Thus the assistant public defender did not know the status of appellant's motion to substitute counsel, and subjectively believed that she was still appellant's attorney.[5] Under these conditions, we hold that appellant was represented by counsel at sentencing.

■ Appellant also contends that by stipulating at trial to the federally insured status of the banks, the assistant public defender committed a breach of trust and relieved the government of the burden of proving an essential element of the offense charged without appellant's consent. In essence, appellant argues that any stipulation by a defense attorney that waives the government's burden of proving an element of the offense, and thus waives a defendant's right to a jury trial on that element of the offense, regardless of the element, is not a strategic decision and cannot be waived by counsel alone.

This is clearly not the law.[6] Courts have allowed defense attorneys to make certain types of stipulations without the defendant's consent, but in other situations have required the defendant personally to make the stipulation or waive the right in question. At one end of the spectrum, there are certain rights that cannot be waived absent a constitutionally voluntary waiver. The easiest case involves guilty pleas, where the trial judge cannot accept a plea of guilty without "an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *see Henderson v. Morgan*, 426 U.S. 637, 644–45, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976). For this reason a guilty plea can-

---

ing. The expectation was that the assistant public defender would remain appellant's counsel through sentencing.

**3.** Appellant argues in the alternative that counsel's representation at sentencing was ineffective because she failed to object to the allegedly deficient sentencing record and to the allegedly improper restitution order. After reviewing the transcript of the sentencing proceeding, we believe that the assistant public defender's actions were reasonable tactical decisions, and fell far short of the *Strickland* standard for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**4.** The court was referring presumably to the assistant public defender, since she was the only defense attorney present, and the court made no reference to any other attorney.

**5.** The assistant public defender continued to believe she represented appellant as late as January 17, 1985, when she signed a notice of appeal to the Eleventh Circuit. Appellant's substitute and current counsel apparently also believed that the assistant public defender continued to represent appellant as of January 17. The Notice of Appeal contains the names of both lawyers as "Attorney for Mr. Poole," and the signature of appellant's substitute counsel is in the assistant public defender's handwriting "with permission."

**6.** Pressed for authority for this proposition, counsel for appellant cites language in Justice White's concurring opinion in *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In that case, Justice White, joined by three other justices, wrote:

It should hardly need saying that a judgment of conviction cannot be entered against a defendant no matter how strong the evidence is against him, unless that evidence has been presented to a jury (or a judge, if a jury is waived) and unless the jury (or judge) finds from that evidence that the defendant's guilt has been proved beyond a reasonable doubt. It cannot be "harmless error" wholly to deny a defendant a jury trial on one or all elements of the offense with which he is charged. Similarly, it is too late in the day to permit a guilty plea to be entered against a defendant solely on the consent of the defendant's agent—his lawyer.

*Id.* at 650, 96 S.Ct. at 2260 (White, J., concurring). We note that *Morgan* involved the issue of whether the defendant entered a voluntary guilty plea when he was not informed that intent to cause death was an element of the offense charged. Poole's appeal does not involve a guilty plea, nor can it be said that appellant did not know the elements of the offense charged. *Cf. id.* at 649–50 & n. 2, 96 S.Ct. at 2260 & n. 2. (White, J., concurring). We believe Justice White's language, taken in context, does not support appellant's position.

not be entered against a defendant "solely on the consent of the defendant's agent—his lawyer." *Id.* at 650, 96 S.Ct. at 2260 (White, J., concurring).

At the other end of the spectrum, some rights are waived routinely by defense attorneys without the defendant's consent. Each and every time a defense attorney declines to cross-examine a witness, the attorney technically waives his client's sixth amendment right. The ability of defense attorneys to elect without the defendant's consent not to conduct a cross-examination of a witness has never been questioned.

Between these two extremes, but closer to the waivability of the defendant's cross-examination right, it is well established in this circuit that a defense attorney can stipulate to the replacement of a juror without the defendant's consent, even though erroneous replacement of a juror may deprive the defendant of certain constitutional rights. *See Peek v. Kemp*, 784 F.2d 1479, 1482–84 (11th Cir.) (en banc), *cert. denied*, — U.S. ——, 107 S.Ct. 421, 93 L.Ed.2d 371 (1986); *United States v. Stewart*, 700 F.2d 702, 704–05 (11th Cir. 1983); *United States v. Spiegel*, 604 F.2d 961, 965 & n. 9 (5th Cir.1979), *cert. denied*, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). Whether the defense attorney can waive the defendant's right to be present at all stages of a criminal trial falls toward the center of the spectrum, and has not been resolved firmly in this circuit. *See, e.g., Proffitt v. Wainwright*, 706 F.2d 311, 312 & n. 46 (11th Cir.1983), *modifying on reh'g* 685 F.2d 1227 (11th Cir.1982) (not deciding whether presence is waivable by defense attorney), *cert. denied*, 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983); *Hall v. Wainwright*, 733 F.2d 766, 775–76 (11th Cir.1984) (remand for further development of record regarding waiver of right to be present), *cert. denied*, 471 U.S. 1107, 105 S.Ct. 2344, 85 L.Ed.2d 858 (1985); *id.* at 780–85 (Hill, J., concurring) (arguing that *Proffit* should be interpreted to hold that a defendant may waive his right to presence); *see also Illinois v. Allen*, 397 U.S. 337, 343, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970) (defendant can lose right to be present at trial by disruptive behavior).

It is difficult to articulate a bright line distinction between those rights an attorney can waive without the defendant's consent and those the attorney cannot waive. Case law in this circuit suggests that where a defense attorney "makes a tactical decision with constitutional implications," a stipulation does not require the defendant's consent. *See Stewart*, 700 F.2d at 704. Where an "inherently personal right of fundamental importance is involved," however, the defendant's consent is required. *See Spiegel*, 604 F.2d at 965 n. 9 (*quoting Winters v. Cook*, 489 F.2d 174, 178 (5th Cir.1973)). We believe the decision to stipulate to the insured status of the banks is more a tactical decision than an infringement on an "inherently personal right of fundamental importance." *Id.* It is often wise for counsel to stipulate to such trivial and easily proven matters as to whether banks were federally insured at the time of the robbery. Courts have even encouraged such stipulations. *See, e.g., United States v. Sliker*, 751 F.2d 477, 484 & n. 3 (2nd Cir.1984), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985); *United States v. Schoenhut*, 576 F.2d 1010, 1019 & n. 9 (3rd Cir.), *cert. denied*, 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 421 (1978). We hold therefore that counsel for the defendant can stipulate to the insured status of the banks without a formal waiver by the defendant.

The Fifth Circuit cases cited by appellant are inapposite. The Fifth Circuit has held that proof of federally insured status is not a mere formality and is an essential element of the federal offense charged. *See United States v. Rangel*, 728 F.2d 675, 676 (5th Cir.), *cert. denied*, 467 U.S. 1230, 104 S.Ct. 2689, 81 L.Ed.2d 883 (1984); *United States v. Trevino*, 720 F.2d 395, 399 (5th Cir.1983); *United States v. Platenburg*, 657 F.2d 797, 799 (5th Cir. Unit A 1981); *see also United States v. Bolt*, 776 F.2d 1463, 1471 (10th Cir.1985). The Fifth Circuit has also noted the "extremely lax" treatment prosecutors have accorded this element. *Platenburg*, 657 F.2d at 799; *United States v. Maner*, 611 F.2d 107, 112 (5th Cir.1980). All of these cases, however, involve the sufficiency of the government's

proof of FDIC insured status. In this case, counsel for appellant stipulated to the federally insured status of the four banks, so the government never needed to present any evidence of the banks' insured status. In such a case, the defendant cannot accuse the government of failing to prove that the banks were federally insured.[7]

■ Finally, appellant raises a claim of ineffective assistance of counsel at the trial. Appellant makes numerous allegations of deficient representation, none of which has merit. Specifically, appellant argues that counsel at trial was ineffective for failing to object to the government's use of peremptory strikes to eliminate blacks from the jury, a practice declared unconstitutional in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The problem with faulting the public defender for failing to raise a *Batson* objection at trial is that *Batson* had not been decided yet. The Supreme Court has held that *"Batson v. Kentucky* is an explicit and substantial break with prior precedent," *Allen v. Hardy*, —— U.S. ——, 106 S.Ct. 2878, 2880, 92 L.Ed.2d 199 (1986), so that "the rule in *Batson* should not be available to petitioner on federal habeas corpus review of his convictions." *Id.* at ——, 106 S.Ct. at 2881; *see also Lindsey v. Smith*, 820 F.2d 1137, 1145–46 (11th Cir. 1987) (*Allen v. Hardy* bar to raising *Batson* claims in federal habeas corpus proceedings applies to sixth amendment claims as well as equal protection claims). Thus appellant cannot raise this claim in his collateral attack, and, in any event, the public defender's performance was in no way ineffective by failing to raise a *Batson* objection.

Appellant's other claims of ineffective assistance of counsel are groundless, and do not merit discussion. The district court's denial of appellant's motion for habeas relief pursuant to 28 U.S.C. § 2255 is

AFFIRMED.

---

**7.** In *Rangel,* defense counsel conceded during argument that the victim credit union was federally insured. The only evidence was a single statement by a witness that the credit union was federally insured. The conviction was affirmed. *See* 728 F.2d at 676.