United States Court of Appeals,

Eleventh Circuit.

No. 96-9449.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth Gerald HARDIN, Defendant-Appellant.

April 20, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:96-CR-176-CC), Clarence Cooper, Judge.

Before HATCHETT, Chief Judge, and GODBOLD and RONEY, Senior Circuit Judges.

HATCHETT, Chief Judge:

Appellant Kenneth Hardin challenges his conviction and sentence for being a felon in possession of a firearm. Concluding that Hardin's stipulation to his prior felony conviction removed the government's burden of proof on that issue, we affirm.

I. BACKGROUND

A federal grand jury indicted appellant Kenneth Hardin for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Hardin pleaded not guilty. Prior to trial, the government and Hardin entered into a written stipulation:

> It is stipulated and agreed, by and between the United States of America, through its attorneys, and the Defendant and his attorney, that the Defendant, KENNETH GERALD HARDIN, has been and stands convicted of a felony offense, on May 17, 1991, in the state of Georgia, which was punishable by imprisonment of a term exceeding one year, as alleged in the indictment.

The Assistant United States Attorney (AUSA), defense counsel and Hardin signed the stipulation.

No party filed it with the clerk of the court prior to trial.[1]

During jury selection, defense counsel repeatedly referred to Hardin's felon status when

asking potential jurors whether that influenced them:

> As you have already heard, there's going to be evidence that Mr. Hardin is a convicted felon.... Would any of you feel more likely to convict Mr. Hardin simply because you know that in the past, he has committed a felony offense?

> * * *

> So one of the elements of possession of a firearm is being a convicted felon. I'm standing right here and telling you that he's a convicted felon.

After the jury was selected and sworn, the district court mentioned Hardin's felon status

during its recitation of standard preliminary instructions:

> [I]n this case the defendant is charged with possession of a firearm. The defendant, as you now know, has a felony record, and it is a federal offense for a felon to be in possession of a firearm.

Hardin did not object. Also without objection, the AUSA told the jury during her opening statement

that felon status was not at issue:

> The defendant has conceded and will not argue the first [element]. As you heard during the picking of the jury, Mr. Hardin is a convicted felon. So the first element you are not going to hear any testimony about.

Defense counsel, in turn, acknowledged this concession during her opening statement:

---

[1]The government did file the stipulation with its "motion for leave to file exhibit out of time," which was intended to supplement its response to Hardin's post-trial motion for judgment of acquittal. Because the district court denied the government's motion for leave, Hardin moves to strike the stipulation from the record on appeal. Appellant's Reply Brief at 7 n. 2. Hardin, however, concedes to the existence of the stipulation. Appellant's Initial Brief at 9. Accordingly, the motion to strike is DENIED.

2

Let's talk a little bit about the charge of possession of a firearm by a convicted felon. Mr. Hardin, and it's not in evidence yet, so although you know it because we talked about it, there is certainly no evidentiary basis for him being a convicted felon, but you will have a stipulation that he is a convicted felon. He is going to admit it. It will be admitted into evidence. So we can just dispense with that element right now. Number [one] gone. The government proved that. You don't even have to think about it any more.

During the government's case, the AUSA did not read, publish or otherwise offer the stipulation into evidence. The only other reference to Hardin's felon status occurred during closing arguments, when the AUSA briefly stated that "[t]he defendant has a prior felony conviction. There is no argument about that." Again, Hardin advanced no objection. After receiving standard instructions—that explained the government's burden of proof, the elements of the crime (including felon status) and statements of counsel not being evidence—the jury convicted Hardin. The district court subsequently denied Hardin's post-trial motion for judgment of acquittal and sentenced him to 100 months of imprisonment.[2]

## II. ISSUE

The only issue we address is whether the government's failure to offer into evidence the stipulation concerning Hardin's felon status mandates reversal.[3] Because this issue implicates the

---

[2]Unlike his post-trial one, Hardin's mid-trial motion for judgment of acquittal—which he argued at the close of the government's case and renewed prior to closing arguments—relied on grounds other than the government's failure to offer the stipulation into evidence.

[3]Hardin raises five other issues on appeal: (1) whether the government's improper comments about defense counsel infringed upon Hardin's Sixth Amendment right to effective assistance of counsel and Fifth Amendment right to due process of law; (2) whether the introduction of hearsay evidence concerning the object of the search warrant infringed upon Hardin's Fifth Amendment right to due process of law; (3) whether the district court reversibly erred in denying Hardin's proposed jury instruction on "attempted" possession; (4) whether the district court incorrectly instructed the jury on the interstate commerce element; and (5) whether the district court erred in enhancing Hardin's offense level under U.S.S.G. § 2K2.1(b)(5) for possessing a firearm in connection with another felony, possession of methamphetamine. We affirm on these issues without discussion. *See* Eleventh Cir. Rule 36-1.

sufficiency of evidence, our standard of review is *de novo. See United States v. Lumley,* 135 F.3d 758, 759 (11th Cir.1998) ("In general, we review the sufficiency of evidence *de novo* [.]").

## III. CONTENTIONS

Hardin does not dispute the existence or veracity of the stipulation. Rather, Hardin contends that without offering the stipulation into evidence, the government failed to provide the jury with sufficient evidence on an essential element of the crime, *i.e.,* that Hardin was a convicted felon at the time he possessed the firearm. The government, on the other hand, asserts that the stipulation relieved the government of its burden to offer any proof of Hardin's felon status. Therefore, the government contends, failure to publish or offer the stipulation into evidence is inconsequential, especially in light of defense counsel's, the AUSA's and the district court's repeated and unchallenged acknowledgment of Hardin's felon status in the jury's presence.

## IV. DISCUSSION

Once criminal defendants enter pleas of not guilty, the Fifth and Sixth Amendments to the Constitution entitle them to at least two trial-related rights. *See Sullivan v. Louisiana,* 508 U.S. 275, 278-79, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993) (discussing the interrelated "Fifth Amendment requirement of proof beyond a reasonable doubt and the Sixth Amendment requirement of a jury verdict"). First, "[t]he Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged[.]" *United States v. Gaudin,* 515 U.S. 506, 511, 115 S.Ct. 2310, 2314, 132 L.Ed.2d 444 (1995). Second, the "simple plea of not guilty ... puts the prosecution to its proof as to all elements of the crime charged." *Estelle v. McGuire,* 502 U.S. 62, 69-70, 112 S.Ct. 475, 480-81, 116 L.Ed.2d 385 (1991) (internal quotation

4

marks and citation omitted). In this case, Hardin invoked both of these rights when he pleaded not guilty.

We must decide what rights, if any, Hardin waived when he and the government agreed to stipulate to felon status. For a variety of tactical reasons, such stipulations are common in felon-in-possession cases. *See Old Chief v. United States,* 519 U.S. 172, ----, 117 S.Ct. 644, 647, 136 L.Ed.2d 574 (1997) ("Fearing prejudice if the jury learns the nature of the earlier crime, defendants sometimes seek to avoid [the introduction of prior felony evidence, such as a record of judgment] by offering to concede the fact of the prior conviction.").[4] We need not decide whether Hardin's stipulation waived his right to a jury determination as to that element. *Cf. United States v. Mason,* 85 F.3d 471, 472 (10th Cir.1996) ("[T]he jury need not resolve the existence of an element when the parties have stipulated to the facts which establish that element."). Hardin does not suggest that the district court actually or effectively directed a partial verdict in the government's favor. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572-73, 97 S.Ct. 1349, 1355-56, 51 L.Ed.2d 642 (1977) ("[A] trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict, regardless of how overwhelming the evidence may point in that direction.") (internal citation omitted); *United States v. Cornish,* 103 F.3d 302, 303-06 (3d Cir.) (affirming defendant's felon-in-possession conviction because the district court's instructing the jury to "accept" a felon status stipulation did not amount to plain or harmful error), *cert. denied,* --- U.S. ----, 117 S.Ct. 1711, 137 L.Ed.2d 835 (1997). Indeed, the district court recited standard instructions to the jury that it could not find Hardin guilty unless the government proved that Hardin

---

[4]Indeed, as the government correctly points out, *Old Chief* required it to accept Hardin's offer to stipulate to felon status. *See* 519 U.S. at ----, 117 S.Ct. at 656.

was "(1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce." *United States v. Billue,* 994 F.2d 1562, 1565 n. 2 (11th Cir.1993), *cert. denied,* 510 U.S. 1099, 114 S.Ct. 939, 127 L.Ed.2d 230 (1994). Hardin does not dispute that a jury actually found in favor of the government on all of the essential elements.

We hold, however, that Hardin waived his right to have the government produce evidence of his felon status, including the stipulation itself. First, this holding comports with our precedent. In *Poole v. United States,* the defendant was on trial for bank robbery. 832 F.2d 561, 562 (11th Cir.1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 54, 102 L.Ed.2d 33 (1988). Defense counsel stipulated that the banks were federally insured, which was one of the essential elements. On collateral review, the defendant argued that his trial attorney had no authority to waive his constitutional right to have the government prove all of the essential elements beyond a reasonable doubt. 832 F.2d at 563. A prior panel of this court affirmed the district court's denial of his section 2255 motion, holding that "counsel for the defendant can stipulate to the insured status of the banks without a formal waiver by the defendant." 832 F.2d at 564. The court reasoned that counsel's decision to stipulate was a tactical one and, therefore, "the government never needed to present *any evidence* of the banks' insured status." 832 F.2d at 564-65 (emphasis added).

Like Poole, Hardin stipulated to an essential element of the crime charged. In fact, unlike Poole, Hardin himself agreed to the stipulation. Accordingly, under our precedent, "the government never needed to present *any evidence* " of Hardin's felon status. *Poole,* 832 F.2d at 565 (emphasis added).

Our holding also aligns with persuasive authority from another circuit. In *United States v. Branch,* the defendant was on trial for bank fraud. 46 F.3d 440, 441 (5th Cir.1995). The defendant

6

stipulated that the banks were federally insured, which was one of the essential elements. 46 F.3d at 441 n. 1 & 442. Although it was filed with the court, "the stipulation was not tendered as a trial exhibit nor was [it] published to the jury." 46 F.3d at 441. The district court instructed the jury about the stipulation, advising that it "may accept" the stipulation as conclusive evidence. 46 F.3d at 442. On appeal, the defendant took issue with the government's failure to offer the stipulation into evidence. The Fifth Circuit affirmed, holding that "[o]nce a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties." 46 F.3d at 442.

The facts of *Branch* are materially similar to the facts of this case. Like Branch, Hardin stipulated to an essential element of the crime charged. Neither Branch's stipulation nor Hardin's stipulation were entered into evidence. Both juries, however, were told about the stipulation and returned guilty verdicts. We recognize that, unlike the stipulation in *Branch,* the instant stipulation was not filed with the court until after trial. We also recognize that, unlike the district judge in *Branch,* the district judge in this case did not specifically instruct the jury about the effect of the stipulation. These differences, however, are inconsequential. Clearly, the district judge was aware of Hardin's stipulation in light of his reference to it during preliminary instructions. Further, the judge, the AUSA and defense counsel collectively told the jury that felon status was not at issue. Accordingly, we, like the Fifth Circuit, find no reason to reverse the jury's verdict.

To the extent that they conflict with our holding, we decline to follow the views of the Ninth and Fourth Circuits. *See United States v. James,* 987 F.2d 648, 650 (9th Cir.1993) (reversing defendant's bank robbery conviction because the government's failure to offer the stipulation into evidence left the jury "[w]ithout any evidence on the FDIC status of the bank"); *cf. United States*

7

*v. Muse,* 83 F.3d 672, 678-79 (4th Cir.) (affirming defendant's felon-in-possession conviction where the government published to the jury the defendant's stipulation to felon status, stating that "a conviction is not valid unless a jury considers the stipulation and returns a guilty verdict based on its finding that the government proved the elements of the crime beyond a reasonable doubt"), *cert. denied,* --- U.S. ----, 117 S.Ct. 261, 136 L.Ed.2d 186 (1996). These cases simply do not persuade us. Unlike defense counsel in *James,* defense counsel in this case repeatedly admitted to Hardin's felon status in the jury's presence and failed to object to the AUSA's similar, express references. *See* 987 F.2d at 651.[5] Unlike the AUSA in *Muse,* the AUSA in this case did not publish the stipulation to the jury. *See* 83 F.3d at 678. Thus, the excerpts from *Muse* that Hardin relies upon are *dicta.*[6]

In holding that Hardin's stipulation eliminated the government's burden to produce evidence of his felon status, we in no way imply that failing to offer a stipulation into evidence is wise trial practice. It is fair to assume that, in this case, the government had every intention of offering the stipulation for admission as evidence. Indeed, this omission could very well have caused the jury to acquit Hardin. Hardin, however, has no legal or equitable basis to contest the government's mistake. He received his benefit of the bargain—prejudicial information about his prior conviction never entered into the jury's deliberations. *See Old Chief,* 519 U.S. 172, ----, 117 S.Ct. 644, 655, 136

---

[5] We note that the dissenting judge in *James* contended that defense counsel's remarks during opening statements served to judicially admit the stipulated fact and made the jury aware of the substance of the stipulation. *See* 987 F.2d at 654, 656 (Alarcon, J., dissenting).

[6] Recently, the Fourth Circuit questioned the continuing validity of *Muse* after *Old Chief. See United States v. Jackson,* 124 F.3d 607, 617 (4th Cir.1997) ("In light of the United States Supreme Court's recent decision in [*Old Chief* ], we question the validity of our holding in [*Muse*] that a stipulation does not constitute a waiver of the government's burden of proof in the limited circumstances of a defendant's felon status for purposes of a 18 U.S.C.A. § 922(g)(1) charge.") (internal citations omitted), *cert. denied,* --- U.S. ----, 118 S.Ct. 733, --- L.Ed.2d ---- (1998).

L.Ed.2d 574 ("[T]he risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.").

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.