[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 23, 2007
THOMAS K. KAHN
CLERK

No. 06-16089
Non-Argument Calendar

_____

D. C. Docket No. 06-80088-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD BERNARD GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 23, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Harold Bernard Green appeals his eighty-four month prison sentence

imposed after he pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Green contends that the district court erred by applying a four-level increase to his offense level for possessing a firearm "in connection with" another felony offense, possession of cocaine, under United States Sentencing Guidelines § 2K2.1(b)(5) (Nov. 2005).

We review de novo the district court's application and interpretation of the Guidelines. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). We review its factfindings for clear error and will disturb them only if we are "left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation marks omitted).

In calculating the guideline range for a firearm possession offense under 18 U.S.C. § 922(g), a four-level increase to the base offense level is required "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(5).[1] The government bears the burden of establishing by a preponderance of the evidence

---

[1] This provision is now codified in subsection (b)(6) of the same guideline. See U.S.S.G. § 2K2.1(b)(6) (Nov. 2006).

the facts necessary to support a sentencing enhancement.  United States v. Kinard, 472 F.3d 1294, 1298 (11th Cir. 2006).

In United States v. Smith, 480 F.3d 1277 (11th Cir.), cert. denied, No. 06-11901, 2007 WL 1750209, at *1 (U.S. Oct. 1, 2007), we addressed the meaning of the phrase "in connection with" in U.S.S.G. § 2K2.1(b)(5).  Id. at 1280.  We concluded that the phrase "should be given its ordinary and natural meaning," and we "expressly rejected a more restrictive interpretation" that would require "the firearm to serve a purpose related to the crime."  Id. (citations omitted).  We also noted that in previous cases applying other guideline provisions that include the phrase "in connection with," we have held that "in certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement."  Id. (quoting United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001)).

Here, the district court found that Green may have intended to commit a robbery with the firearm and that he may have possessed the cocaine to "embolden" himself "prior to committing the robbery."  The district court also found that Green may have possessed the firearm in order to protect "the small amount of drugs that he kept for his personal use."  In light of Green's criminal history, which includes previous convictions for robbery and drug trafficking, as well as the stun gun, ski mask, and ammunition found in the car at the time of

3

Green's arrest, we cannot say that the district court's factfindings are clearly erroneous. Those findings are based on reasonable inferences drawn from undisputed facts, and are sufficient to warrant the "in connection with" enhancement in this case.

We find additional support for this conclusion in United States v. Hardin, 139 F.3d 813, 815 n.3 (11th Cir. 1998), where we affirmed without discussion a § 2K2.1(b)(5) enhancement of a defendant's sentence for possessing a firearm in connection with possessing methamphetamine. Our recent decision in Smith further bolsters our conclusion. There, we held that "a preponderance of the evidence supported the district court's finding that [the defendant] possessed the ammunition in connection with the other felony offenses of either cocaine possession or resisting arrest, or both" where the only connection between the firearm and cocaine possession charges was that the defendant committed them simultaneously. Smith, 480 F.3d at 1280.

**AFFIRMED.**