[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11843
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00090-LC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON JOSEPH BRUNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 27, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Aaron Joseph Brunson appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1).  He argues that, because the stipulation he had entered into with the Government—that he was a convicted felon—was not admitted into evidence and published to the jury at trial, the jury had no evidence before it on which to find him guilty.  Therefore, the evidence was insufficient to support his conviction.

We review *de novo* whether there is sufficient evidence in the record to support a jury's verdict in a criminal trial.  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). To obtain a conviction for being a felon in possession of a firearm, the government must prove that (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affecting interstate commerce.  18 U.S.C. § 922(g)(1); *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000).

Brunson concedes that after the jury was selected, his lawyer and the Assistant U. S. Attorney informed the District Court that they had entered into a stipulation that Brunson had previously been convicted of a felony and that his civil rights had not been restored.  Brunson acknowledged the stipulation and the court accepted it.  By stipulating to felon status, a defendant waives the right to require the Government prove his felon status.  *United States v. Hardin*, 139 F.3d

2

813, 816 (11th Cir. 1998).

AFFIRMED.