[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15123
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20353-BB-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL SIMPLICE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 3, 2017)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Simplice appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Simplice contends that the district court erred in admitting at trial the parties' stipulation that the firearm was manufactured outside of the State of Florida and moved in interstate or foreign commerce.[1] He argues that the evidence should not have been admitted because he lacked personal knowledge of the stipulated facts and that there was no other sufficient evidence to prove the "interstate commerce" element of § 922(g)(1). In addition, he argues that the district court plainly erred by instructing the jury that it had to accept the facts in the stipulation as proven for the case.

## I.    Sufficiency of the Evidence

The sufficiency of the evidence for a jury verdict is reviewed *de novo*. *United States v. Sterling,* 738 F.3d 228, 234 (11th Cir. 2013). We view the evidence "in the light most favorable to the government and draw[] all reasonable inferences and credibility choices in favor of the jury's verdict." *Id.* (quotation omitted). "Accordingly, the evidence will be sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Jiminez,* 564 F.3d 1280, 1284–85 (11th Cir. 2009) (quotation omitted).

---

[1] Although there is some indication that the firearm may have moved in only "foreign commerce" because it was manufactured in Austria and found in Florida, we generally use the term "interstate commerce" in this opinion to encompass either or both.

If the defendant failed to raise an error in the district court, plain error review applies. *See, e.g.*, *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Plain error is: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that calls into question the integrity of the judicial system. *See id.* To be plain error, there must be binding precedent that directly resolves the issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). "Plain error" also means that the error is "clear" or "obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993) (quotations omitted). To affect substantial rights, the plain error must have affected the result of the trial. *Rodriguez*, 398 F.3d at 1299. The defendant has the burden of proving substantial prejudice. *Id.*

We are bound by prior panel decisions unless or until they are overruled by the Supreme Court or by us sitting *en banc*. *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). However, unpublished cases are not binding precedent. *See, e.g.*, *Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007).

We are precluded from reversing the district court when a party has invited the error. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). The invited error rule applies when a party has induced the district court into making the error challenged on appeal. *Id*. We have applied the rule where a party invited a constitutional error. *See United States v. Jernigan*, 341 F.3d 1273, 1289–90

3

(11th Cir. 2003) (concluding that the defendant invited any error by stipulating to admission of the evidence challenged on appeal).

When a party raises the issue of subject matter jurisdiction for the first time on appeal, we will review the issue *de novo*, as a question of law. *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016). Parties cannot stipulate to jurisdiction, but they may stipulate to facts that affect jurisdiction. *Id.* at 1337. We then must address whether the stipulated facts provide jurisdiction. *Id.*

Under § 922(g)(1), the government must prove that: (1) the defendant was a felon, (2) he knew he was possessing a firearm, and (3) the firearm "was in or affected interstate commerce." *United States v. Howard,* 742 F.3d 1334, 1341 (11th Cir. 2014). The statute covers "any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." *See* 18 U.S.C. § 922(g). It does not require that the defendant knew the firearm traveled in interstate commerce. *See id.*

The government can prove the third element by showing that the firearm "traveled in interstate commerce." *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001). In *Scott*, the government proved the third element by providing evidence that the firearm was manufactured in California and had moved in interstate commerce to where the defendant was arrested in Georgia. *Id.* The government can establish the interstate commerce element by showing that the

4

defendant possessed a firearm that was manufactured out of state. *United States v. Dupree*, 258 F.3d 1258, 1259–60 (11th Cir. 2001).

As an initial matter, the invited error doctrine precludes us from reviewing whether the district court erred in admitting the stipulation. Here, Simplice stipulated that the firearm was manufactured outside of the State of Florida and moved in interstate commerce. By stipulating, Simplice induced the district court to allow the government to read the stipulation and to admit it as evidence, actions to which he did not object. *See Jernigan*, 341 F.3d at 1289–90. He cannot challenge these actions that he induced the court to take and did not ask the court to correct.

Although Simplice argues that the invited error doctrine cannot apply because we must review subject matter jurisdiction *de novo*, he is incorrect that the doctrine cannot apply to the stipulation. We permit parties to stipulate about the underlying facts to prove jurisdiction. *See Iguaran*, 821 F.3d at 1337.

Simplice invited the district court to admit the stipulated fact that the firearm was manufactured outside of Florida, so he cannot challenge the presence of that fact in the record now. But while Simplice cannot challenge that fact because he invited any error in admitting it, we still must review *de novo* whether the stipulated and otherwise introduced facts conferred jurisdiction on the district court. *See id.* at 1336–37. In this case, it was undisputed that the firearm at issue

5

was manufactured outside of Florida and that it was discovered in Florida.  Under *de novo* review, these facts were sufficient to prove the interstate commerce element (or "jurisdictional element") of § 922(g).  *See Dupree*, 258 F.3d at 1259–60.

Even assuming the invited error doctrine does not apply, the district court did not plainly err in admitting the stipulation about the firearm being manufactured outside of Florida and moving in interstate commerce.  No precedent from us or the Supreme Court precludes a defendant from stipulating about the origin of a firearm or its movement in interstate commerce, even when he maintains that he has no personal knowledge about the firearm.  The statute does not require that the defendant knew the origin of the firearm or that it traveled in interstate commerce.  *See* 18 U.S.C. § 922(g).  Further, to require personal knowledge of a firearm's origin or its traveling in interstate commerce seems incorrect based on precedent.  It would likely require that the defendant acquire the firearm from its place of origin and carry it across state lines, see it travel across state lines, or see it in another state.  These requirements would conflict with cases about what the government must prove under the interstate commerce element of § 922(g).  *See generally Scott*, 263 F.3d at 1274 (holding that the firearm "traveled in interstate commerce" under § 922(g) because the government showed that the firearm was manufactured in California and found in Georgia).  Thus, under either

6

invited or plain error review, the evidence was sufficient to prove the interstate commerce element of § 922(g).

## II.    Jury Instruction

We generally review the legal correctness of a jury instruction *de novo*. *United States v. Mintmire*, 507 F.3d 1273, 1292–93 (11th Cir. 2007). We review the phrasing of the instructions for an abuse of discretion. *See id.* When the defendant fails to object with specificity to the jury charge as read at trial, we review for plain error. *United States v. Schlei*, 122 F.3d 944, 973 (11th Cir. 1997).

A defendant's trial rights include the requirement of proof beyond a reasonable doubt and the requirement of a jury verdict. *United States v. Hardin*, 139 F.3d 813, 815 (11th Cir. 1998). The defendant has the right to plead not guilty, to require the government to prove every element of the charge, and to require that the jury find him guilty of every element of the charged offense. *Id.*

Here, the district court did not plainly err in instructing the jury that it had to treat the stipulated facts as proven for the case. The plain error doctrine applies because Simplice did not object to the instruction. *See Schlei*, 122 F.3d at 973. Under the first element of the doctrine, the district court may have erred. It told the jury that it must accept, "as proved," the stipulated fact that the firearm "moved in interstate or foreign commerce." Although the court ultimately told the jury that it had to find that the defendant committed each element of the crime, it also

instructed that the third element of the crime was whether the firearm moved in interstate commerce.  Because the district court required the jury to accept the stipulation that the gun moved in interstate commerce, it is arguable that the district court infringed on Simplice's right to require the jury to find that he was guilty of that element of the crime.  *See Hardin*, 139 F.3d at 815.

If there was error, however, it was not plain.  Neither our Court nor the Supreme Court has held that a district court may not require a jury to accept stipulated facts as proven when those facts concern the elements of the crime.  Simplice cites an unpublished case that he asserts supports his position, but unpublished cases are not binding precedent on the district court.  *See Twin City Fire Ins. Co.*, 480 F.3d at 1260 n.3.  Thus, even if it had been exactly on point, it could not support a conclusion that the district court plainly erred.  *See Lejarde-Rada*, 319 F.3d at 1291.

Moreover, Simplice fails to carry his burden to show that the instruction resulted in substantial prejudice by affecting the result of the trial.  *See Rodriguez*, 398 F.3d at 1299.  Simplice focused his defense on whether he had actual possession of the firearm and did not try to defend the interstate commerce element of the offense.  If the district court had not given the instruction, the stipulation would still have been in evidence, and the jury likely would have found that the firearm moved in interstate commerce because the record contained facts that the

8

firearm was manufactured outside of Florida but was found within it.  On appeal, as at trial, Simplice fails to point to any evidence that the firearm did not move in interstate commerce.

Finally, the instruction did not jeopardize the integrity of the judicial system because it reinforced both Simplice's admission that the gun moved in interstate commerce and the focus of his defense on whether he possessed the firearm.  The instruction did not encourage the jury to believe that Simplice knowingly possessed the firearm.  At the close of evidence, the court also instructed the jury that the government did not have to prove that Simplice knew the firearm traveled in interstate commerce.  Neither the district court nor the government encouraged the jury to conflate the issues of whether the firearm moved in interstate commerce and whether Simplice knowingly possessed the firearm.  Accordingly, Simplice fails to show that the district court plainly erred.

**AFFIRMED.**