[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10716
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00325-MSS-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH DELEON,
a.k.a. Joseph Nieves,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 7, 2020)

Before WILSON, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Joseph Deleon appeals his convictions for one count of Hobbs Act robbery, in violation of 18 U.S.C.§ 1951(a), (b) (Count 1); and one count of brandishing and knowingly possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2).  He also appeals his 240-month total sentence.  He asserts four issues on appeal, which we address in turn.  After review, we affirm his convictions, but vacate and remand for resentencing in light of *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020).

## I.  DISCUSSION

### A.  18 U.S.C. § 924(c)

Deleon first asserts his conviction for Hobbs Act robbery should be vacated because Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c), and he therefore could not have been carrying a firearm in furtherance of a "crime of violence."  He acknowledges this Court's precedent forecloses his argument, but seeks to preserve the issue for further review. *See United States v. St. Hubert* (*St. Hubert I*), 909 F.3d 335, 345 (11th Cir.), *petition for cert. docketed*, (U.S. July 23, 2019) (No. 19-5267) (holding Hobbs Act robbery is a "crime of violence" under § 924(c)'s elements clause); s*ee also In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016).

Deleon's concession is correct. Our binding precedent forecloses his argument that Hobbs Act robbery is not a "crime of violence," and we affirm the denial of his pretrial motion to dismiss.[1] *See St. Hubert I*, 909 F.3d at 345.

## B. Stipulation

Second, Deleon contends the district court erred by accepting a stipulation to an essential element of 18 U.S.C. § 924(c)(1)(A), which violated his Fifth and Sixth Amendment rights. He asserts the district court erred by accepting the pretrial stipulation the robber "knowingly possessed a firearm in committing that robbery," which is one of the elements the Government had to prove to obtain a conviction under § 924(c).

Once a criminal defendant pleads not guilty, the Fifth Amendment affords him the right to demand that a jury find him guilty of all elements of the charged crime, and the Sixth Amendment "puts the prosecution to its proof as to all elements of the crime charged." *United States v. Hardin*, 139 F.3d 813, 815 (11th Cir. 1998) (quotations omitted). Under § 924(c), the government must establish the defendant (1) knowingly (2) possessed a firearm (3) in furtherance of any crime of violence. *United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008).

---

[1] Although a petition for *certiorari* has been docketed in *St. Hubert I*, and remains pending, the case has not been overruled.

We allow a defendant or his counsel to make certain factual stipulations that may "waive[] the government's burden of proving an element of the offense, and thus waive[] a defendant's right to a jury trial on that element of the offense." *Poole v. United States*, 832 F.2d 561, 563 (11th Cir. 1987). A defendant's affirmative stipulation to a specific factual element, whether in a written plea agreement or at sentencing, is the equivalent of a jury finding on that issue, because the stipulation takes the issue away from the jury. *United States v. Sanchez*, 269 F.3d 1250, 1271 n.40 (11th Cir. 2001) (*en banc*), *abrogated in part on other grounds as recognized by United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005). Moreover, a stipulation eliminates the government's burden to produce evidence of the stipulated facts. *Hardin*, 139 F.3d at 816 (holding the government did not need to present any evidence of the defendant's felony status because the defendant himself agreed to the stipulation that he was a felon, which was an essential element of the crime charged).

We will not review Deleon's claims under the Fifth and Sixth Amendments because he invited the error when he expressly agreed to the stipulation that the "knowingly possessed" element of § 924(c) was met. *See United States v. Silvestri*, 409 F.3d 1311, 1327-28 (11th Cir. 2005) (stating we cannot reverse when a party has invited the error and the doctrine of invited error is implicated where the party affirmatively requested or specifically agreed with the challenged action of the

4

district court); *United States v. Jernigan*, 341 F.3d 1273, 1289-90 (11th Cir. 2003) (concluding that a defendant, whose counsel affirmatively stipulated to the playing of a taped statement, invited any error resulting from the jury hearing the tape).  To clarify, it was the Government, not the court, that first proposed the stipulation. That the district court may have later suggested the parties enter into the stipulation does not mean that Deleon did not invite any error.  *See Jernigan*, 341 F.3d at 1290.  Contrary to his arguments, when both Deleon and his counsel signed the stipulation the robber "knowingly possessed a firearm," Deleon effectively caused and invited the error about which he is complaining—that the Government was impermissibly relieved of proving that he "knowingly possessed" the firearm in committing the robbery.  *See Silvestri*, 409 F.3d at 1327; *Jernigan*, 341 F.3d at 1290.

## C.  Motion for Judgment of Acquittal

Third, Deleon argues the district court erred in denying his motion for judgment of acquittal because the Government failed to prove beyond a reasonable doubt that he was the individual in the video robbing the store.

"The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations by the jury." *United States v. Garcia*, 447 F.3d 1327, 1334 (11th Cir. 2006) (quotations omitted).  "It is not

necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Harris*, 20 F.3d 445, 452 (11th Cir. 1994) (quotations omitted).

When all issues and reasonable inferences are resolved in the Government's favor, a rational jury could reasonably conclude that Deleon was, beyond a reasonable doubt, the robber. *See Garcia*, 447 F.3d at 1334; *Harris*, 20 F.3d at 452. The Government conceded it had no physical evidence, such as fingerprints or DNA, connecting Deleon to the scene of the robbery. However, the surveillance video showed the robber was of similar height and build as Deleon and had similar tattoos and skin tone. Additionally, the video showed that, like Deleon, the robber was left-handed. At trial, the store clerk, and only eyewitness, did not mention any tattoos and testified the robber was taller than Deleon. However, in the video, the height chart indicated the robber's height was more akin to Deleon's actual height. Although the robber's hat and manner of wear may not have been uncommon, the police found an identical hat in Deleon's hotel room. There was also evidence that Deleon owned the same shirt worn by the robber and bought the same brand of cigarettes.

6

Moreover, while there may have been reason to doubt the lay witnesses' and law enforcement officers' credibility, there was also reason to give them credence. Both Mathis Lee and Ramon Morales were familiar with Deleon, and, in light of their credibility issues, the court informed the jury their testimony should be more scrupulously considered.

When those issues and reasonable inferences are resolved in the Government's favor, a rational jury could reasonably conclude that Deleon was, beyond a reasonable doubt, the robber. *United States v. Cochran*, 683 F.3d 1314, 1321-22 (11th Cir. 2012) (examining the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor" and stating the verdict should be affirmed "if a reasonable trier of fact could conclude that the evidence establishes guilt beyond a reasonable doubt"); *Garcia*, 447 F.3d at 1334; *Harris*, 20 F.3d at 452. Accordingly, the district court did not err in denying Deleon's motion for judgment of acquittal as to Counts 1 and 2.

## D.  Career Offender Enhancement

Finally, Deleon argues he was not a career offender, and the district court erred in finding that his conviction for Hobbs Act robbery was a "crime of violence" under the Guidelines. Deleon's claim is reviewed for plain error because

7

he makes it for the first time on appeal.[2]  *See United States v. Olano*, 507 U.S. 725, 732 (1993).  To show plain error, Deleon must show (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings.  *See id.*

A defendant is a career offender if: (1) he is at least 18 years of age at the commission of the offense of conviction; (2) the offense of conviction is a felony that is a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  Section 4B1.2 defines a "crime of violence," in relevant part, as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."  *Id.* § 4B1.2(a)(1).  We recently held that Hobbs Act robbery is not a "crime of violence" for purposes of § 4B1.2(a).  *Eason*, 953 F.3d at 1187.

---

[2]  The invited error doctrine does not preclude our review of Deleon's argument that he was not a career offender under U.S.S.G. § 4B1.1(a).  *See Jernigan*, 341 F.3d at 1289-90.  At sentencing, Deleon's counsel told the court there was no objection that Deleon's two predicate offenses qualify under the career offender enhancement, and his counsel did not object when the Government said that Deleon qualifies as a career offender, which impliedly conceded his Hobbs Act robbery falls under the career offender Guidelines provisions.  Although it may be implied in Deleon's counsel's silence, neither he nor Deleon affirmatively suggested or specifically argued his Hobbs Act robbery qualifies as a "crime of violence" under the Guidelines.  *See Silvestri*, 409 F.3d at 1327; *Jernigan*, 341 F.3d at 1289-90.  Accordingly, Deleon did not invite any error with respect to this issue.  *See id.*

The district court plainly erred in sentencing Deleon as a career offender because his conviction for Hobbs Act robbery is not a crime of violence.  To be sentenced as a career offender, Deleon's current offense of conviction had to be a crime of violence or controlled substance offense.  U.S.S.G. § 4B1.1(a).  Because the Hobbs Act robbery did not qualify, Deleon did not have the three qualifying convictions necessary to be sentenced as a career offender.[3]  As for the plainness of that error, "an intervening decision by this Court or the Supreme Court squarely on point may make an error plain."  *United States v. Jones*, 743 F.3d 826, 829-30 (11th Cir. 2014) (quotations omitted).  *Eason* is an intervening decision squarely on point.

Deleon has also shown that the error affected his substantial rights because it rendered him eligible for the career offender enhancement.  *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016) ("In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome.").  Further, such an error seriously affects the fairness, integrity, and

---

[3]  We reject the Government's argument in supplemental briefing that Deleon's current § 924(c) conviction is a qualifying conviction.  The commentary to § 4B1.2 provides "[a] violation of 18 U.S.C. § 924(c) or § 929(a) is a 'crime of violence' or a 'controlled substance offense' if the offense of conviction established that the underlying offense was a 'crime of violence' or a 'controlled substance offense.'"  U.S.S.G. § 4B1.2, comment. (n.1).  Since Deleon's underlying offense was Hobbs Act robbery, his § 924(c) conviction cannot be used as a crime of violence.

public reputation of judicial proceedings. *See Olano*, 507 U.S. at 732, *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018) ("In the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings."). Since he has satisfied the test set forth in *Olano*, we vacate Deleon's career-offender-enhanced sentence and remand for resentencing.

## II. CONCLUSION

We affirm Deleon's convictions on Counts 1 and 2, but vacate his career-offender-enhanced sentence and remand for resentencing consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**