**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 96-2292

_____

D.C. Docket No. 95-39-CR-T-25(B)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WAYNE LUMLEY a.k.a.
Jackie Ray Lumley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 20, 1998)

Before HATCHETT, Chief Judge, TJOFLAT and COX, Circuit Judges.

HATCHETT, Chief Judge:

In this criminal case, appellant challenges his conviction under the amended federal carjacking statute.  We affirm.

**BACKGROUND**

In January 1995, a gunman entered a Winn Dixie food store in Dade City, Florida, and pointed a .380 caliber pistol at Wayne Anderson, a Wells Fargo guard who was collecting the store's money for transfer.  The gunman demanded the money bag from Anderson and shot Anderson in the side when Anderson tried to push him away.[1]  The gunman, with the money bag in hand, then fled from the store and ran across the parking lot, exchanging gunfire with Anderson's partner, who had been waiting in an armored vehicle.  When the gunman saw Carlyn Williams getting into her red Dodge Ram truck, he pointed his pistol at her and ordered her to exit the truck and to give him the keys.  Williams complied without resistance.  As the gunman was attempting to drive away, Anderson exited the store and shot at the truck, striking the windshield.  Anderson's partner then attempted to block the gunman's exit with the armored vehicle.  The gunman rammed the armored vehicle with the truck and escaped.  Law enforcement authorities recovered Williams's truck a short distance away, which contained, among other things, blood and the money bag.

In September 1995, a federal grand jury in the Middle District of Florida returned a superseding indictment in connection with the incident, charging appellant John Lumley with carjacking, in violation of 18 U.S.C. § 2119 (Count One); possessing ammunition in

---

[1] Anderson was wearing a protective vest.

his status as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and knowingly using and carrying a firearm during and in relation to a federal crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Three).[2] Although Congress amended 18 U.S.C. § 2119 in September 1994 -- prior to the instant offense and indictment -- Count One contained the language of the pre-amendment statute.[3]

At trial, the government presented Lumley's former stepsister, Barbara Jones, who testified that Lumley arrived at her home in Surrency, Georgia, on the day after the robbery. According to Jones, Lumley stated that he had been shot while robbing a Wells Fargo truck and that the bullet remained in his cheek. Lumley also stated that he had shot a guard but did not know whether he had killed him, and that he had escaped in a red truck that he had taken from a woman. A jury convicted Lumley on all counts. The district court sentenced him to 180 months of imprisonment on Count One, a concurrent 120-month term on Count Two, and a consecutive term of 60 months of imprisonment on Count Three.

**DISCUSSION**

The sole issue we discuss is whether the government presented sufficient evidence to establish that Lumley had the specific intent to cause death or serious bodily harm

---

[2] The State of Florida prosecuted Lumley for the robbery.

[3] Lumley does not challenge the sufficiency of the indictment.

during the carjacking, as required under 18 U.S.C. § 2119.[4]  In general, we review the

sufficiency of evidence <u>de novo</u>, viewing the evidence in the light most favorable to the

government and drawing all reasonable inferences and credibility choices in favor of the

jury's verdict.  <u>United States v. Chirinos</u>, 112 F.3d 1089, 1095 (11th Cir. 1997).[5]  We also

review questions of statutory interpretation <u>de novo</u>.  <u>United States v. Grigsby</u>, 111 F.3d

806, 816 (11th Cir. 1997).

---

[4] Lumley also contends that the court violated Federal Rule of Evidence 404(b) in admitting evidence of his prior criminal conduct, and plainly erred in instructing the jury with regard to this evidence.  In addition, Lumley argues that this court should reverse his conviction on Count Three because insufficient evidence supports the conviction for the underlying crime of violence, and his conviction on Count Two because the government did not prove the element of identity at trial.  We find these arguments to be without merit and thus affirm on these issues without discussion.  <u>See</u> 11th Cir. R. 36-1.  Finally, Lumley asserts that the district court plainly erred in instructing the jury under the pre-amendment version of section 2119.  Because we find that sufficient evidence supports Lumley's section 2119 conviction, we conclude that the erroneous instruction did not affect his "substantial rights."  <u>See</u> Johnson v. United States, 117 S. Ct. 1544, 1548-50 (1997) (reviewing the district court's failure to submit an essential element of the charged crime to the jury, to which the defendant failed to object, for plain error).

[5] The government, citing <u>United States v. Gonzalez</u>, 940 F.2d 1413, 1426 (11th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1047 (1992), contends that because Lumley failed to renew his sufficiency of the evidence objection in his post-verdict motion for judgment of acquittal, this court should review this claim for plain error.  Assuming that Lumley preserved this objection, we conclude that sufficient evidence supports his section 2119 conviction.

Title 18 U.S.C. § 2119 provides:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall --
>
> > (1) be fined under this title or imprisoned not more than 15 years, or both,
> >
> > (2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and
> >
> > (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119 (1994). After reviewing the record, we conclude that the government presented sufficient evidence to support Lumley's conviction for carjacking under section 2119. In so concluding, we find the chain of events immediately preceding the carjacking to be relevant. See United States v. Anderson, 108 F.3d 478, 485 (3d Cir.) (concluding that the government presented sufficient evidence to satisfy section 2119's specific intent requirement "[b]ased upon the totality of all the surrounding facts and circumstances" of the case), cert. denied, 118 S. Ct. 123 (1997). As Lumley was fleeing from the robbery he ran across the parking lot, firing shots at the Wells Fargo guard. Lumley then took Williams's truck at gunpoint and escaped from the scene only by ramming the armored vehicle that was blocking his exit. We decline to interpret section 2119 to require a perpetrator to have "the intent to cause death or serious bodily harm" only as to the person from whom the perpetrator takes the motor vehicle.

5

Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**