[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2010
JOHN LEY
CLERK

_____

No. 07-10718

_____

D. C. Docket No. 04-60206-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee-
Cross-Appellant,

versus

STEVE HEIN,
BERNARD ROEMMELE,
a.k.a. Bernie,

Defendants-Appellants-
Cross-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 14, 2010)

Before BARKETT and MARCUS, Circuit Judges, and HOOD,[*] District Judge.

PER CURIAM:

## I.    BACKGROUND

Steve Hein seeks review of his convictions for RICO conspiracy, conspiracy to commit mail and/or wire fraud, and conspiracy to commit money laundering. Hein contends the government did not provide sufficient evidence to support the jury's conviction of him on all counts and that the district court failed to define proceeds correctly as receipts to the jury in light of the money laundering charge.

The jury also convicted Bernard Roemmele of RICO conspiracy, conspiracy to commit mail and/or wire fraud, conspiracy to commit money laundering, and securities fraud. He makes a similar argument regarding the failure of the court to correctly define receipts in light of his money laundering charge. Although interwoven with his discussion of the jury instructions on his RICO conspiracy conviction, Roemmele also raises a claim regarding the sufficiency of the evidence on this charge. Roemmele also requests reversal on the basis of the district court's denial of a continuance, refusal to authorize assistance to court-appointed counsel, and a violation of his Due Process rights resulting from evidentiary hearings throughout the course of the trial. Roemmele also argues the district court erred by

---

[*] Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

inappropriately enhancing the Sentencing Guidelines for obstruction of justice as applied to his sentence.

The convictions arise from Hein's role as the executive vice president of CitX Corporation (CitX) and Roemmele's role as chief executive officer and founder of CitX. CitX claimed to have created internet-based technology and other software used by clients around the world. CitX partnered with Professional Resource Systems International, Inc. ("PRSI") to market its software. In reality, however, the two companies operated as a Ponzi scheme. Roemmele and Hein also participated in investment fraud using resources from PRSI.

The government challenges the defendants' assertions and has filed a cross-appeal contending that the district court erred by relying only on the jury forfeiture verdict when establishing the value of loss for purposes of the Sentencing Guidelines. U.S. Sentencing Guidelines § 2S1.1 (2009). The jury returned a special verdict of $0 forfeiture as to Hein and $480,000 as to Roemmele. No findings were made as to the value of the losses.

For the reasons stated below, as to the errors assigned by Appellants, the Court holds that the district court's actions constituted harmless error, at worst, without effect on the trial. The district court, however, did err by relying solely on the forfeiture award in establishing loss under the Sentencing Guidelines § 2S1.1.

3

Accordingly, we **AFFIRM** the convictions of Defendants, but **VACATE** the judgment of the district court as to sentencing and **REMAND** this matter to the district court for further proceedings in accord with this opinion.

## II.  DISCUSSION

### A.  The district court was presented with sufficient evidence to prove Hein and Roemmele guilty on all three counts at issue.

We review claims of sufficiency of the evidence de novo.  *United States v. Lumley*, 135 F.3d 758, 759 (11th Cir. 1998).  In doing so, we view the evidence "in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict."  *Id.* at 759 (citing *United States v. Chirinos,* 112 F.3d 1089, 1095 (11th Cir. 1997)).  Thus, if a reasonable person could have found the appellants guilty beyond a reasonable doubt, the verdict will stand.  *United States v. Jones*, 933 F.2d 1541, 1546 (11th Cir. 1991) (citing *United States v. Migueles*, 856 F.2d 117, 118 (11th Cir. 1988)).

Taking into consideration the oral arguments, the record, and the parties' briefs, we conclude sufficient evidence does exist to convict Hein as well as Roemmelle  for both RICO conspiracy and conspiracy to commit mail and/or wire fraud.  In order to conspire  to commit mail and/or wire fraud, the defendant must agree "to engage in a scheme to defraud in which they contemplated that the mails [or wire service] would likely be used."  *United States v. Ross*, 131 F.3d 970, 981

4

(11th Cir. 1997) (quoting *United States v. Massey*, 827 F.2d 995, 1002 (5th Cir. 1987)). Both Hein and Roemmele state they had no knowledge of the criminal activities and made no agreement to engage in such a scheme. Taken in a light most favorable to the government, however, and drawing all inferences in favor of the jury verdict, the Court finds sufficient evidence exists to uphold their convictions.

As to the RICO conspiracy charge, this Court has held the government can show an agreement to participate in a RICO conspiracy "1) by showing an agreement to an overall objective; or, 2) by showing that a defendant agreed personally to commit two predicate acts and therefore to participate in a single objective conspiracy." *United States v. Abbell*, 271 F.3d 1286, 1299 (11th Cir. 2001) (citing *United States v. Church*, 955 F.2d 688, 694 (11th Cir. 1992)). Upon review of the record, the parties' briefs, and oral arguments of counsel, we again find a reasonable person could find Hein and Roemmele guilty of RICO conspiracy. Based upon the evidence discussed above, in addition to other evidence in the record, the Court holds the government has not only shown an agreement to commit two predicate acts but an agreement to the overall objective of the conspiracy as well.

With regard to the conviction on conspiracy to commit money laundering,

5

appellants Hine and Roemmele base their appeal primarily on the district court's failure to define proceeds as receipts. This issue will be addressed in a subsequent section of this opinion. *See infra* Part II.C. This Court, however, holds based on the record, oral argument of counsel, and the parties' briefs that sufficient evidence also existed for a reasonable person to believe beyond a reasonable doubt that both committed money laundering under the instruction given by the district court. As a result, we **AFFIRM** their convictions for RICO conspiracy, conspiracy to commit money laundering, and conspiracy to commit mail and/or wire fraud.

**B.     The jury is not required to come to a unanimous agreement on predicate acts that form a RICO conspiracy.**

Defendants argue for the first time on appeal that the district court must receive unanimous agreement by the jury on the predicate acts that form a RICO conspiracy. Accordingly, we review this issue for plain error. *United States v. Demarest*, 570 F.3d 1232, 1241 (11th Cir. 2009) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). We will not reverse based on a jury instruction "unless 'the charge considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice,' or the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Pepe*, 747 F.2d 632, 675 (11th Cir. 1984) (quoting *United States v. Thevis*, 665 F.2d 616, 645 (5th Cir. Unit B 1982)).

The jury convicted the appellants under the RICO conspiracy statute which states "[i]t shall be unlawful for any person to conspire to violate the provisions of [the prohibited activity stated in the RICO statute.]" 18 U.S.C. § 1962(d) (2006). While the defendants wish to extend the United States Supreme Court's ruling in *Richardson v. United States*, 526 U.S. 813 (1999), requiring unanimous agreement as to violations under the Continuing Criminal Enterprise (CCE) statute, we refuse to do so in recognition of a prior holding that 18 U.S.C. § 1962(d) requires violators to knowingly join a conspiracy that violates the substantive part of the statute but does not require "overt acts, nor specific predicate acts that the defendant agreed personally to commit . . . for a section 1962(d) offense." *United States v. Glecier*, 923 F.2d 496, 500 (11th Cir. 1991) (citations omitted).

When the district court instructed the jury on the law of RICO conspiracy and specifically with regard to "pattern of racketeering activity," it stated that the jury

> must find beyond a reasonable doubt that the defendant agreed that at least one member of the conspiracy would commit at least two acts of 'racketeering activity,' sometimes called predicate offenses, as described in the indictment, within ten years of each other. . . . You must also unanimously decide on what type of racketeering acts were involved in the conspiracy. (emphasis added)

The trial court further explained that "the government does not have to prove

7

that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts."

The defendants' claim as to the jury instruction on the RICO conspiracy is not about whether or not there must be unanimous agreement on the predicate acts, but rather what it is that the jury must unanimously agree upon. Roemmele and Hein believe the law required the district court to instruct the jury that it had to unanimously agree on the specific and individual acts that the conspirators intended to engage in (or in fact did engage in) during the conspiracy. This, however, is more than the law requires. To establish a RICO conspiracy the government must show that the defendant agreed to participate in an enterprise whose purpose was to engage in a pattern of racketeering activity. Thus in explaining this law to the jury, the district court correctly instructed the jurors that they had to agree that the enterprise would involve a "pattern of racketeering activity," which it further instructed would require unanimous agreement on the type of predicate acts, i.e., money laundering, mail or wire fraud, or obstruction of justice to name a few, that constituted a pattern of racketeering. Roemmele's and Hein's argument that the jury had to unanimously agree on particular and individual acts and not just the general types of predicate offenses is not supported by the law and thus was not required in a jury instruction.

8

**C.** **The district court did not err by failing to define proceeds as receipts.**

Defendants argue for the first time on appeal that the district court erred by not defining proceeds as receipts with regard to their conspiracy to commit money laundering convictions. Accordingly, we review this issue for plain error. *United States v. Demarest*, 570 F.3d 1232, 1241 (11th Cir. 2009) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). This Court has defined plain error as "so obvious that failure to notice it would seriously affect the fairness, integrity and public reputation of judicial proceedings." *United States v. Walther*, 867 F.2d 1334, 1343-44 (11th Cir. 1989) (citations omitted). While Defendants argue that the United States Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008), requires under the money laundering statute that the term proceeds means profits and not receipts, this Court has long held otherwise. *Demarest*, 570 F.3d at 1241-42. For the following reasons, we decline to depart from precedent.

To begin, the Supreme Court decided significant portions of *Santos* by a plurality decision requiring this Court to consider the holding "on the narrowest grounds." *Id.* at 1242 (quoting *Marks v. United States*, 430 U.S. 188, 193 (1976)); *Santos*, 553 U.S. 507. As a result, this Court has limited application of *Santos* solely to the "gross receipts of an illegal gambling operation." *Demarest*, 570 F.3d at 1242. The district court, therefore, did not commit plain error, in failing to

define proceeds as receipts, and we **AFFIRM** the decision of the district court on this issue.

> **D. The district court did not commit an abuse of discretion by refusing to issue a continuance for Roemmele.**

We review denials of a continuance under an abuse of discretion standard "which resulted in specific substantial prejudice." *United States v. Verderame*, 51 F.3d 249, 251 (11th Cir. 1995) (citing *United States v. Bergouignan*, 764 F.2d 1503, 1508 (11th Cir. 1985)). Roemmele, therefore, must "identify relevant, non-cumulative evidence that would have been presented if [his] request for a continuance had been granted." *United States v. Valladares*, 544 F.3d 1257, 1262 (11th Cir. 2008) (quoting *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993)). Having considered the oral arguments of counsel, the briefs of the parties, and the record, we find Defendant has not identified evidence that resulted in specific substantial prejudice and find no violation of Roemmele's constitutional rights for failure to grant a continuance. We, therefore, **AFFIRM** the decision of the district court with respect to the denial of a continuance.

> **E. The Court declines to vacate Roemmele's sentence on the district court's refusal to grant assistance to court-appoitned counsel.**

We will not hear an ineffective assistance of counsel claim on direct appeal, "except in the rare instance when the record is sufficiently developed." *United*

10

*States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005) (citing *United States v. Tyndale*, 209 F.3d 1292, 1294 (11th Cir. 2000)). The record typically will not be sufficiently developed to deal with an ineffective assistance claim since the criminal trial record focuses solely on the guilt or innocence of the defendant, not the reasonableness of counsel's actions. *Massaro v. United States*, 538 U.S. 500, 505-06 (2003). Upon review of the parties' briefs, oral arguments of counsel, and the record, the Court does not find the record sufficiently developed to make this determination on direct appeal. While Roemmele points to many issues in his brief, including the failure to file pretrial motions, failure to review discovery documents, and other alleged incompetence, the record does not show the extent of these errors or their effect on the trial itself. As a result, we find the record insufficient to review the claim of ineffective assistance of counsel at this time.

**F.     The district court did not violate Roemmele's Due Process rights with its evidentiary rulings.**

We review the district court's evidentiary rulings for "a clear abuse of discretion." *United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1208 (11th Cir. 2009) (quoting *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)). Upon review of the briefs of the parties, the oral argument of counsel, and the record, we do not find a clear abuse of discretion. Roemmele makes a number of claims regarding excluded evidence and other evidentiary rulings but fails to

provide any legal argument or citations to show "a clear abuse of discretion" as required. As a result, we **AFFIRM** the district court's actions as to the evidentiary rulings.

**G.    Enhancement of Roemmele's Sentencing Guidelines Level was appropriate for obstruction of justice.**

The Court reviews the interpretation and application of the Sentencing Guidelines de novo and the underlying factual findings for clear error. *United States v. Foley*, 508 F.3d 627, 632 (11th Cir. 2007) (citing *United States v. McVay*, 447 F.3d 1348, 1352-53 (11th Cir. 2006)). The Sentencing Guidelines specifically provide a two level increase in the offense level for a defendant that wilfully obstructs an investigation or prosecution by, among other things, "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." U.S. Sentencing Guidelines Manual § 3C1.1, cmt. n.4 (2009).

Having reviewed the briefs of the parties, heard oral arguments of counsel, and reviewed the record, we conclude that the underlying factual findings are not clearly erroneous and that the evidence supports the district court's obstruction of justice enhancement to appellant Roemmele. Roemmele's presentence report pointed out his participation in creating false documents to mislead the grand jury as well as other actions meant to conceal fraudulent activities. Roemmele has

12

given this Court no indication of clear error, and the district court's application of those facts to the guidelines is correct. The Court, therefore, **AFFIRMS** the application of these notations in the district court's two level enhancement for obstruction of justice under Sentencing Guidelines § 3C1.1.

**H.    The district court erred by not making an independent factual determination when sentencing appellants.**

As stated above, the Court will review the interpretation and application of the Sentencing Guidelines de novo. *Foley*, 508 F.3d at 632 (11th Cir. 2007) (citation omitted). While the United States Supreme Court in *United States v. Booker* made sentencing guidelines advisory, the Supreme Court still required district courts to refer to them and take them into consideration during sentencing. 543 U.S. 220, 264 (2005). This Court has subsequently held "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). These guidelines include a table that enhances the level appropriate for the crime based on losses that exceed $5000. U.S. Sentencing Guidelines § 2B1.1 (2009).

The Court has noted the similarities between forfeiture and loss but has held district courts must calculate each one distinctly as part of its calculations used for sentencing. *United States v. Hamaker*, 455 F.3d 1316, 1337 (11th Cir. 2006)

13

(noting that forfeiture deals with punishment of the defendant while loss focuses on the harm suffered by the victim). In adopting the forfeiture amount as the amount of loss, the district court "failed to take into account all relevant conduct or explain why certain conduct was not relevant, failed to understand the difference between forfeiture and loss, and abdicated its responsibility to make independent findings under the Guidelines." *United States v. Foley*, 508 F.3d 627, 633 (11th Cir. 2007). While the appellants argue the decision in *Foley* applies solely to fraud cases, this Court notes neither the Guidelines nor previous precedent relied on in our decision in *Foley* make that distinction. *See* U.S. Sentencing Guidelines § 2B1.1 (2009); *Foley*, 508 F.3d at 633; *Hamaker,* 455 F.3d at 1336-39. Though this Court must disregard harmless errors in calculating the appropriate level using the Sentencing Guidelines, the district court's adoption of the amount of the forfeiture as the loss under § 3C1.1 hardly qualifies as harmless. This becomes more apparent when considering Hein, who the jury stated was responsible for $0 in forfeiture but could be considered to have caused more substantial losses. We, therefore, **VACATE** the judgment of the district court as to Defendants' sentences and **REMAND** this case to the district court for sentencing applying 1) an independent calculation of loss and 2) consideration of all relevant conduct for the purposes of the Sentencing Guidelines.

**III. CONCLUSION**

Accordingly, for the above-stated reasons, we **AFFIRM** the convictions of Defendants, but we **VACATE** the judgment of the district court as to Defendants' sentences and **REMAND** this matter to the district court for further sentencing proceedings.