[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14776
Non-Argument Calendar
_____

D.C. Docket No. 0:04-cr-60206-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD ROEMMELE,
a.k.a. Bernie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 5, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Bernard Roemmele, proceeding pro se, appeals the district court's denial of

his motions to dismiss the indictment that resulted in his conviction of Racketeer

Influenced and Corrupt Organizations Act ("RICO") conspiracy, conspiracy to commit mail fraud and/or wire fraud, conspiracy to commit money laundering, and securities fraud.

## I.

Roemmele was convicted and sentenced to 144 months imprisonment in August 2006. He filed a notice of appeal of his conviction and sentence on February 6, 2007. On September 14, 2010, we issued an opinion affirming his convictions but vacating his sentences and remanding for further sentencing proceedings. United States v. Hein, 395 F. App'x 652 (11th Cir. 2010). Roemmele filed a motion for rehearing en banc, which we denied on July 1, 2011. The mandate issued on July 11, 2011. On July 21, 2011, however, Roemmele moved to stay the mandate in order to allow him to remain in Pennsylvania as he prepared briefs in his petition for writ of certiorari to the Supreme Court and in a related appeal. We recalled the mandate on July 22, 2011. The mandate re-issued on April 5, 2012. The Supreme Court denied his petition on November 5, 2012.

In the meantime—while his first appeal was still pending—Rommele filed and the district court ruled on two motions to dismiss the indictment that led to his conviction. In the first motion, filed February 15, 2011, he alleged that the grand jury returned the indictment after its term had expired. In the second motion, filed February 16, 2011, he contended that the indictment failed to state an offense. The

2

district court denied Roemmele's motions on October 3, 2011. This is Roemmel's appeal of that denial.

## II.

The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995). When an appeal is filed, "the district court is divested of jurisdiction to take any action with regard to the matter except in the aid of the appeal." Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986). The district court does not regain jurisdiction until the mandate has issued. Zaklama v. Mount Sinai Med. Ctr., 906 F.2d 645, 649 (11th Cir. 1990). The rule against dual jurisdiction "serves two important interests: judicial economy, for it spares the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals; and considerations of fairness to parties who might otherwise be forced, as a matter of tactics, to fight a 'two front war' for no good reason." Shewchun, 797 F.2d at 943.

We have recognized limited exceptions to that general rule, none of which applies here.[1] The interests of judicial economy and fairness compel us to decline

---

[1] See United States v. Vicaria, 963 F.2d 1412, 1415 n.2 (11th Cir. 1992) (noting that a district court retains jurisdiction to deny a frivolous double jeopardy motion, to dismiss an indictment during the pendency of a government's appeal of a suppression order, and to rule on any order

to extend those exceptions to cover Roemmele's motions to dismiss.  If Roemmele's pending appeal had been granted and his conviction reversed, his motion to dismiss would have been rendered moot.  And by filing a motion to dismiss while his appeal was still pending, Roemmele forced the government to defend its case in both this Court and the district court.

The mandate from the first appeal of Roemmele's conviction returned jurisdiction to the district court on July 11, 2011, but the district court lost that jurisdiction when we recalled the mandate on July 22, 2011.  The district court did not regain jurisdiction until the mandate issued again on April 5, 2012.  It therefore lacked jurisdiction to rule on Roemmele's motions to dismiss on October 3, 2011 and should have dismissed the motions for lack of jurisdiction.

**REMANDED** with instructions to **DISMISS** the motions for lack of jurisdiction.

---

when the pending appeal involves a nonappealable order); Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999) (holding that the general rule "does not apply to collateral matters not affecting the questions presented on appeal."); Fed. R. App. P. (5) ("The filing of a notice of appeal . . . does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a) [which provides for correcting an arithmetical, technical, or other clear error].").