[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11287
Non-Argument Calendar
_____

D.C. Docket No. 0:04-cr-60206-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD ROEMMELE,
a.k.a. Bernie,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 29, 2016)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

The reasons the law provides for secrecy of grand jury proceedings are:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect an innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6, 78 S. Ct. 983, 986 n.6 (1958) (quoting United States v. Rose, 215 F.2d 617, 628–29 (3d Cir. 1954)).

Despite those concerns, Bernard Roemmele, who is serving a 235-month sentence in federal prison, wants to be provided with transcripts of the grand jury proceedings in his case.

Roemmele was the CEO and founder of CitX, a company that:

claimed to have created internet-based technology and other software used by clients around the world. CitX partnered with Professional Resource Systems International, Inc. ("PRSI") to market its software. In reality, however, the two companies operated as a Ponzi scheme. Reommele and [his coconspirator Steve] Hein also participated in investment fraud using resources from PRSI.

United States v. Hein, 395 F. App'x 652, 654 (11th Cir. 2010). A jury convicted Roemmele of securities fraud, conspiring to commit mail or wire fraud, conspiring to launder money, and violating the Racketeer Influenced and Corrupt Organizations Act.

2

After we affirmed his convictions, Roemelle moved the district court to compel production of the grand jury transcripts in his case so that he could investigate possible government misconduct.  In his motion, he contended that the first grand jury to consider the case against him did not indict him because the hard drives from CitX's computers showed that the company had the technological capabilities it claimed.  He theorized that, after the first grand jury declined to bring an indictment, the government must have destroyed the allegedly exculpatory hard drives and then sought an indictment from a new grand jury, which it ultimately got.  Roemelle claimed that the government's alleged destruction of the hard drives violated Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), his Fifth Amendment right to due process, and his rights under the Sixth Amendment's Confrontation Clause, and that production of the transcripts was necessary for him "to adequately prepare" those claims to be part of his soon-to-be-filed habeas corpus petition.

Roemmele requested that the government produce all grand jury transcripts showing: (1) why the first grand jury subpoenaed the production of CitX's hard drives; (2) that the government told the first grand jury that it intended to destroy the hard drives; (3) that the government informed the first grand jury that it no longer had custody of the hard drives; (4) that the government told the second grand jury about the evidence presented to the first grand jury; (5) that the

3

government informed the second grand jury about the hard drives; and (6) that the government informed the second grand jury that it had discarded the hard drives so that they were no longer available. He said he "believed" no such transcripts existed, and that proof of their non-existence would support an inference that the government discarded the hard drives to hide from the second grand jury the exculpatory evidence they contained.

The district court denied Roemmele's motion. It noted that the government had imaged the hard drives and made those images available to Roemelle at trial. The district court reasoned that, because Roemmele had access to the hard drive images — and, indeed, had argued about the contents of the hard drives during the trial — he had not established a "possible injustice" or a "need for disclosure" exceeding "the need for continued secrecy" of the jury proceedings. Roemmele appeals the district court's denial of his motion.

Roemmele seeks disclosure of the grand jury materials "based both on the district court's inherent authority and on the exception in [Federal Rule of Criminal Procedure] 6(e)(3)(E)(i)." Federal Rule of Criminal Procedure 6(e)(3)(E) authorizes the disclosure to defendants of grand jury matters under limited circumstances. Courts also have inherent authority to compel production of grand jury materials on defendants' requests, but only where there are "exceptional circumstances." United States v. Aisenberg, 358 F.3d 1327, 1347 (11th Cir. 2004).

To justify entitlement to disclosure of grand jury materials under either Rule 6(e)(3)(E) or courts' inherent authority, movants must show: (1) "that the material they seek is needed to avoid a possible injustice in another judicial proceeding"; (2) "that the need for disclosure is greater than the need for continued secrecy"; and (3) "that their request is structured to cover only material so needed." Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222, 99 S. Ct. 1667, 1674 (1979); Aisenberg, 358 F.3d at 1347–48. We review the district court's application of those requirements only for abuse of discretion. Id. at 1338.

The district court did not abuse its discretion in denying Roemmele's motion. There are a number reasons why. In the first place, Roemmele had access to the imaged hard drives at the time of trial, so it was not necessary for him to review the grand jury's transcripts to determine whether the hard drives actually contained exculpatory evidence. More fundamentally, there was considerable evidence in the record undercutting Roemmele's claims that the CitX hard drives contained exculpatory evidence and that the government destroyed them. During CitX's bankruptcy proceedings, for example, Roemelle admitted that the company had not produced any products that could be copyrighted or patented, and that there was no software, licenses, or other products that could be sold to benefit CitX's creditors. His admission logically forecloses the possibility that the hard drives contained the proprietary technology Roemmele now claims that they did.

5

And evidence from the trial shows that, after imaging the hard drives, the government returned them to the trustee in charge of CitX's bankruptcy, instead of destroying them as Roemmele alleges. Even Roemmele's suggestion that the government withheld information about the hard drives from the second grand jury is pure speculation, unsupported by any of the materials accompanying his motion. For all of those reasons, Roemmele has not established a significant need for disclosure of the grand jury transcripts, at least not one that comes near to outweighing the vital interests in preserving the secrecy of grand jury proceedings.

Roemmele also argues that the district court could have preserved the secrecy of the grand jury's proceedings by examining the transcripts in camera, and that it abused its discretion by not doing so. For that proposition, his best case is the former Fifth Circuit's decision in Menendez v. United States, 393 F.2d 312 (5th Cir. 1968). That decision did not require in camera inspection of the requested materials, however; it merely described such inspections as the "better practice." Id. at 316. Since Menendez, we have held that a district court need not undertake in camera review where, as here, a defendant fails to show the existence of a factual basis for his claim. See United States v. Rodriguez, 765 F.2d 1546, 1559 (11th Cir. 1985). The district court did not abuse its discretion in declining to sift through the grand jury transcripts in camera.

6

In his reply brief,[1] Roemmele argues that disclosure of the grand jury materials is warranted under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). Because he never made that argument to the district court or in his opening brief on appeal, he forfeited it.  See Reider v. Philip Morris USA, Inc., 793 F.3d 1254, 1258 (11th Cir. 2015); United States v. Noriega, 676 F.3d 1252, 1260 n.2 (11th Cir. 2012).  Besides, it is not supported by the cases Roemmele cites.  Bank of Nova Scotia v. United States concerned the circumstances under which a district court may dismiss an indictment for errors in grand jury proceedings, not the production of grand jury materials.  See 487 U.S. 250, 253, 108 S. Ct. 2369, 2372 (1998).  And we vacated our opinion in United States v. Sigma International, Inc., 244 F.3d 841 (11th Cir. 2001), rendering it "void" and of "no legal effect whatever."  United States v. Sigma Int'l, Inc., 300 F.3d 1278, 1280 (11th Cir. 2002).

**AFFIRMED**.

---

[1] Roemmele filed his reply brief after the deadline for doing so, but has moved this Court for permission to file a reply brief out of time.  See App. Doc. 30.  We grant that motion.